| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | **NOT FOR PUBLICATION** |
| FLAGSTAR FINANCIAL & LEASING,<br>LLC f/k/a Signature Financial, LLC, | |
| Plaintiff, | **MEMORANDUM & ORDER** |
| – against – | 2:24-CV-03912 (ERK) (SIL) |
| PIKES PEAK SPINE & JOINT, LLC, and<br>KERRY LATCH, | |
| Defendants. | |

KORMAN, *J.*:

On May 30, 2024, Plaintiff Flagstar Financial & Leasing, LLC f/k/a Signature Financial, LLC ("Plaintiff") commenced this action against Pikes Peak Spine & Joint, LLC ("Defendant Pikes Peak") and Kerry Latch ("Defendant Latch") (collectively, "Defendants") by filing the Complaint, which asserts causes of action for breach of contract, breach of personal guaranty, and possession. *See* ECF No. 1. On August 12, 2024, the Clerk of the Court entered a certificate of default against Defendants for failing to answer or otherwise appear in the action. *See* ECF No. 8. On September 13, 2024, Plaintiff moved for a default judgment. *See* ECF No. 10; *see also* ECF No. 12. On February 7, 2025, Defendants appeared for the first time in this action and requested permission from the Court to respond to Plaintiff's motion for default judgment. *See* ECF No. 13; ECF No. 14. For the following

1

reasons, Plaintiff's motion for default judgment is denied and the Complaint is dismissed without prejudice for lack of subject matter jurisdiction.

## I. Discussion

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "As federal courts have limited jurisdiction, it is 'presume[d] that federal courts lack jurisdiction unless the contrary appears affirmatively from the record.'" *Pu v. Russell Publ'g Grp., Ltd.*, No. 15-CV-3936, 2015 WL 13344079, at *2 (S.D.N.Y. Dec. 29, 2015) (alteration in original) (quoting *Renne v. Geary*, 501 U.S. 312, 316 (1991)). The party seeking to invoke a court's jurisdiction bears the burden of "prov[ing] jurisdiction by a preponderance of evidence." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) (internal quotation marks and citation omitted). The issue of subject matter jurisdiction may be raised at any time by a party or by the court *sua sponte*. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). If a court determines that it lacks subject matter jurisdiction, it must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3).

In the instant case, Plaintiff seeks to invoke this Court's jurisdiction by reason of diversity of citizenship. *See* ECF No. 1 ¶ 2. Under 28 U.S.C. § 1332, diversity jurisdiction exists among "citizens of different States," where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1). It is well settled that, in order to establish subject matter jurisdiction under § 1332(a), "there must be *complete* diversity of citizenship." *Geidel Fuel Oil Corp. v. Peninsula Nat. Bank*, 581 F. Supp. 19, 20 (E.D.N.Y. 1984) (emphasis in original). "Complete diversity exists if and only if 'the citizenship of each plaintiff is diverse from the citizenship of each defendant.'" *Miss Jones, LLC v. Seaview Ct., LLC*, No. 17-CV-1169, 2018 WL 3635045, at *1 (E.D.N.Y. Feb. 16, 2018) (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)), *report and recommendation adopted*, Mar. 30, 2018 ECF Order Adopting R. & R.

For the purposes of diversity jurisdiction, "a limited liability company has the citizenship of each of its members." *Hai Yang Liu v. 88 Harborview Realty, LLC*, 5 F. Supp. 3d 443, 447 (S.D.N.Y. 2014); *see also Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016). The citizenship of a natural person depends on his domicile, which is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *See Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) (internal quotation marks and citation omitted). An individual's domicile is distinct from his

3

residency, which has been described as "occurring 'when a person takes up his abode in a given place, without any present intention to remove therefrom,'" and a court cannot infer an individual's domicile from statements about his residency. *See Century Metal Recycling, Pvt. Ltd. v. Dacon Logistics, LLC*, No. 13-CV-93, 2013 WL 5929816, at *3 (D. Conn. Nov. 4, 2013) (quoting *Martinez v. Bynum*, 461 U.S. 321, 331 (1983)).

The allegations contained in the Complaint are insufficient to establish that the Court has subject matter jurisdiction premised on diversity of citizenship in this case. The Complaint alleges that Plaintiff is a "New York limited liability company organized and existing under the laws of the State of New York and has a principal place of business at 100 Duffy Avenue, Suite 402, Hicksville, New York 11801." ECF No. 1 ¶ 4. The Complaint similarly alleges that Defendant Pikes Peak is a "Limited Liability Company, organized and existing under the laws of the State of Colorado, with an office for the transaction of business at 3604 Gallery Road, Suite 202, Colorado Springs, Colorado 80909." *Id.* ¶ 5. The citizenship of these limited liability companies is determined by the citizenship of their respective members. *See Carter*, 822 F.3d at 60. The Complaint, however, does not contain any allegations with respect to Plaintiff's membership or the citizenship of its members. Moreover, while the Complaint alleges that Defendant Latch "was and remains a member of [Defendant] Pikes [Peak]," ECF No. 1 ¶ 7, the Complaint does not indicate whether

4

Defendant Latch is Defendant Pikes Peak's sole member or assert the citizenship of any other members.

The Complaint also does not contain sufficient allegations to establish the domicile of Defendant Latch. The Complaint alleges that Defendant Latch "is an individual maintaining a residence at 11902 Alydar Loop, Colorado Springs, Colorado, 80921." *Id.* ¶ 6. Even assuming this statement adequately sets forth Defendant Latch's residency, it is insufficient to establish his domicile. *See Century Metal Recycling*, 2013 WL 5929816, at *2–*3. In sum, the allegations included in the Complaint do not allow the Court to conclude that it has diversity jurisdiction in this case.

## II. Conclusion

For the reasons set forth above, Plaintiff's motion for default judgment is denied and the Complaint is dismissed without prejudice for lack of subject matter jurisdiction.

**SO ORDERED.**

Brooklyn, New York  
February 13, 2025

*Edward R. Korman*  
Edward R. Korman  
United States District Judge

5